UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEROME MACK,

                              Plaintiff,                9:25-CV-1425
                                                                (BKS/DJS)
      v.

NEW YORK STATE, et al.,

                              Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

JEROME MACK
Plaintiff, pro se
15-A-2518
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       In October 2025, pro se plaintiff Jerome Mack ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 8.

       By Decision and Order filed on December 4, 2025 (the "December 2025 Order"), this Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 10. The Court found that the

complaint failed to state a claim and dismissed all claims.  *See id.*  In light of plaintiff's pro se status, he was afforded an opportunity to file an amended complaint.  *See id.*

On October 20, 2025, plaintiff filed amended complaint (Dkt. No. 12) ("Am. Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A was discussed at length in the December 2025 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 10 at 2-4.

### B. Summary of Amended Complaint[1]

With the amended complaint, plaintiff identifies the following new defendants: Correctional Officer K. Premo ("Premo"), Superintendent Daniel Senkowski ("Senkowski"), and Commissioners Hearing Officer ("CHO") Philli ("Philli").[2]  *See generally* Am. Compl.  The amended complaint also includes claims against the previously named defendants, New York State, Commissioner Glenn S. Goord ("Goord"), City of Plattsburgh, and Correctional Officer Gerald Corrigan ("Corrigan").  *See id.*

On May 5, 2001, Corrigan escorted plaintiff to an area to be frisked. Am. Compl. at 4. When plaintiff arrived in the frisk booth, Corrigan noticed two balloons, containing an

---

[1] The amended complaint includes exhibits.  Am. Compl. at 20-43.  To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the amended complaint as well as any documents attached as exhibits.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[2] The Clerk of the Court is directed to amend the Docket Report to include these defendants.

2

unknown substance, on the ledge of the booth. *Id*. Corrigan ordered plaintiff to retrieve the balloons before commencing the search, and plaintiff complied. *Id*.

On May 5, 2001, Premo and Corrigan issued a misbehavior report charging plaintiff with possession of 16 grams of marijuana. Am. Compl. at 2; 21, 23. Corrigan told plaintiff, "I know you didn't do anything wrong but they want your [expletive] bad[.]" *Id*. at 2.

On May 9, 2001, Philli presided over a hearing related to the misbehavior report. Am. Compl. at 3, 25. Senkowski was present and told plaintiff that if he did not plead guilty, that Senkowski would "enact criminal charges against him pursuant to NYS Directive 6910." *Id.* at 3. Philli reiterated Senkowski's threat. *Id*. Plaintiff maintained his innocence and requested video evidence. *Id*. At the conclusion of the hearing, plaintiff was found guilty of all charges. *Id*. at 3, 29. Plaintiff was sentenced to 180 days in the Special Housing Unit ("SHU") with a loss of privileges and good time credits. Am. Compl. at 5, 29.

On May 14, 2001, plaintiff appealed the determination to Senkowski. Am. Compl. at 3, 32. Senkowski "rejected" the appeal. *Id*. at 3.

Plaintiff was indicted and charged with violations of the Penal Law. Am. Compl. at 4. The indictment indicated that "the amount of drugs recovered was 9.4 grams." *Id*. at 3, 40-41. Plaintiff accepted a plea offer from the prosecutor. *Id*. at 5. As a result of his conviction, plaintiff served two years in prison. *Id*. In July 2023, plaintiff's conviction was vacated. Am. Compl. at 5, 35-36.

Construing the amended complaint liberally[3], plaintiff asserts: (1) due process claims; (2) malicious prosecution and wrongful confinement claims; (3) failure to supervise claims; (4) Eighth Amendment claims; (5) municipal liability claims; and (6) state constitutional claims. *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *See id*. at 19.

### C. Analysis

#### 1. Eleventh Amendment

The law related to the Eleventh Amendment was discussed in the December 2025 Order and will not be restated herein.  Dkt. No. 10 at 7.  In the December 2025 Order, the Court dismissed plaintiff's §1983 claims against the State of New York as barred by the Eleventh Amendment.  *See id*.  To the extent that plaintiff attempts to reassert these claims, those claims are dismissed.

#### 2. Fourteenth Amendment – Due Process

The law related to Fourteenth Amendment due process claims was discussed in the December 2025 Order.  Dkt. No. 10 at 8.

##### a. Claims Related to Criminal Indictment

In the December 2025 Order, the Court dismissed plaintiff's due process claim related to being "overcharged for a crime that he did not commit" due to lack of personal involvement in plaintiff's criminal prosecution.  *See* Dkt. No. 10 at 8.

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

4

The Court has reviewed the allegations in the amended complaint and finds that plaintiff's allegations do not remedy the deficiencies of this claim, as addressed in the December 2025 Order.  Thus, for the reasons set forth in the prior Order, plaintiff's due process claims related to his criminal indictment are dismissed.

### b.  Claims Related to Disciplinary Hearing

With the amended complaint, plaintiff identified Philli as a Hearing Officer and provided new facts related to a disciplinary hearing and the outcome.  *See generally* Am. Compl. Plaintiff claims that Philli violated his Fourteenth Amendment rights when he refused to allow "the plaintiff witness during his hearing process." *Id*. at 12.  Plaintiff also claims that Senkowski violated his due process rights during the hearing and when he affirmed Philli's decision.  *See id.*

"Prison discipline implicates a liberty interest when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Ortiz,* 380 F.3d at 654.  In making this determination, courts are to consider, "among other things, the duration and conditions of confinement." *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013).  The conditions of confinement are to be compared "to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement, assuming such confinements are imposed in the ordinary course of prison administration." *Davis v. Barrett*, 576 F.3d 129, 134 (2d Cir. 2009).

Although the Second Circuit has "explicitly avoided" creating "a bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights," it has

5

established guidelines. *Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004). Where a plaintiff is confined for "an intermediate duration—between 101 and 305 days - 'development of a detailed record' of the conditions of the confinement relative to ordinary prison conditions is required." *Id*. (quoting *Colon v. Howard*, 215 F.3d 227, 234 (2d Cir. 2000)).

At this juncture, plaintiff has sufficiently plead that he suffered a deprivation of a liberty interest due to Philli's hearing determination and Senkowski's decision to affirm Philli's decision. *See Koehl v. Bernstein*, No. 10-CV-3808, 2011 WL 2436817, at *7 (S.D.N.Y. June 17, 2011) (concluding that allegations of 120 days in the SHU required discovery and fact-finding to determine "whether this intermediate sentence constitute[d] an atypical and significant hardship"), *report-recommendation adopted*, 2011 WL 4390007 (S.D.N.Y. Sept. 21, 2011).

However, even assuming plaintiff was deprived of the proper procedural protections, for the reasons that follow, the Court will not direct service of the amended complaint or require a response from defendants as to the due process claims arising from the disciplinary hearing for the following reasons: (1) the claims may be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) the claims may be untimely.

### i.     *Heck v. Humphrey*

In *Heck*, the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Moreover, the *Heck*

Court directed that "when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Conversely, where the Section 1983 action, even if successful, will not demonstrate that invalidity of any outstanding criminal judgment or prison disciplinary determination against the plaintiff, the court should allow the action to proceed. *Id*. In a subsequent case, *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court made clear that *Heck's* favorable termination rule applies to challenges made under Section 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits. *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006).

In *Peralta,* the Second Circuit ruled that *Heck's* "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions", i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement." *Peralta,* 467 F.3d at 104. The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under [Section] 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement." *Id*.

To the extent plaintiff was subject to "mixed sanctions", *Heck* bars those claims unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have

7

with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] Section 1983 suit." *Peralta,* 467 at 104.  In this case, plaintiff alleges he lost six months of good-time credit.  *See* Am. Compl. at 29.  Thus, it appears that plaintiff was subjected to "mixed sanctions," because of one or more hearing determinations, affecting both the duration and the conditions of his confinement.

Accordingly, if plaintiff wishes to amend his complaint with respect to the due process claims against Philli and Senkowski, he must advise the Court whether he waives all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time).[4]

### ii.  Timeliness

In the December 2025 Order, the Court discussed the applicable statute of limitations.  *See* Dkt. No. 10 at 15-16.  With respect to the due process claims, the Court noted, "as to a § 1983 procedural due process claim related to a disciplinary hearing, the claim accrues 'either at the date of the disciplinary hearing or at the date the prisoner's final administrative appeal is decided.' "  *Id*.  Thus, the Court advised plaintiff as follows:

> . . . plaintiff's due process [. . . ] claims may be subject to dismissal as untimely filed unless plaintiff is able to demonstrate that the limitations period with respect to any of these claims was tolled, or that any of these claims are otherwise timely.  *See Abbas v. Dixon*, 480 F.3d 363, 640-41 (2d Cir. 2007) (a District Court should not dismiss a complaint as time-barred without providing a pro se plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely.).

---

[4] Plaintiff is free to challenge any sanctions affecting the duration of his confinement; however, he must do so through "state litigation and federal habeas." *Peralta*, 467 F.3d at 104.

8

Dkt. No. 10 at 16.

Despite being afforded the opportunity to amend the complaint, plaintiff did not address the timeliness issues related to his due process claims. In light of his pro se status, the Court will afford plaintiff **ONE FINAL** opportunity to amend his complaint to demonstrate why the due process claims, that accrued in 2001, are timely or why the statute should be tolled with respect to these claims.[5]

### c.   Claims Related to False Misbehavior Report

In the December 2025 Order, the Court discussed plaintiff's claims related to the misbehavior report and noted, "[t]he issuance of false misbehavior reports . . . violates due process . . . where . . . procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him . . ., or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights[.]"  Dkt. No. 10 at 9 (citation omitted).   The due process claims against Corrigan were dismissed because the complaint lacked any facts related to the disciplinary hearing.  *Id.*

---

[5] On December 19, 2025, N.Y. C.P.L.R. § 208-a entitled, "In custody at time of action of action", became effective.  Because plaintiff has not addressed the statute and, further, because plaintiff filed the complaint on October 10, 2025, *see* Dkt. No. 1-1 at 1, the Court will not consider the statute applicable to the claims asserted herein.  *See Ahmad v. Morgan Stanley & Co.*, 2 F.Supp.3d 491, 496 (S.D.N.Y. 2014) ("As a general rule, a new statute does not apply retroactively to conduct that occurred prior to the statute's enactment.") (citation omitted); *Leshinsky v. Telvent GIT, S.A.*, 873 F.Supp.2d 582, 590 (S.D.N.Y. 2012)("congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.").

9

With the amended complaint, while plaintiff provided facts related to the disciplinary hearing, the amendments do not remedy the deficiencies in plaintiff's Fourteenth Amendment claims against Corrigan and Primo. As noted in the December 2025 Order, "the filing of unfounded charges is not per se a constitutional violation under section 1983[.]" *Freeman v. Rideout*, 808 F.2d 949, 950, 953 (2d Cir. 1986). "The issuance of false misbehavior reports [. . . ] violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, ..., or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights ...." *Mitchell v. Senkowski*, 158 Fed. App'x 346, 349 (2d Cir. 2005) (internal citations omitted). Here, plaintiff does not allege that Corrigan or Premo were personally involved in the disciplinary hearing, that they testified falsely during plaintiff's disciplinary hearing, or prevented plaintiff from putting on a defense. *See Atadzhanov v. Marren*, No. 9:25-CV-0786 (MAD/MJK), 2025 WL 3194436, at *8 (N.D.N.Y. Aug. 13, 2025).

Accordingly, plaintiff's due process claims against Corrigan and Premo are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Malicious Prosecution and Wrongful Confinement

In the December 2025 Order, the Court dismissed plaintiff's malicious prosecution due to the lack of personal involvement. Dkt. No. 10 at 10. The Court held:

> The complaint lacks facts suggesting that Goord participated in or possessed the authority to arrest or prosecute plaintiff, criminally. "It is well settled . . . that a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will

10

> not be held liable for false arrest or malicious prosecution." *Moore v. Black*, No. 03-CV-0330A(SR), 2004 WL 1950338, at *7 (W.D.N.Y. Sept. 2, 2004) (citations omitted), report and recommendation adopted, 2004 WL 2202663 (W.D.N.Y. Sept. 30, 2004); *see also Blanco v. Success Acad. Charter Sch., Inc.*, 722 F.Supp.3d 187, 209 (S.D.N.Y. 2024) ("A third party is not held liable for false arrest by merely 'seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made.' "). Furthermore, plaintiff does not allege that any other named defendant was responsible for plaintiff's arrest or prosecution. Without facts suggesting any connection between the named defendants and the alleged Fourth Amendment violations, these claims are dismissed without prejudice for failure to state a claim.

Dkt. No. 10 at 11.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the December 2025 Order. As a result, the Court finds that plaintiff has not alleged facts in the amended complaint, which plausibly suggests that he is entitled to relief on his claim for malicious prosecution. For the reasons set forth in the December 2025 Order, these claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

With the amended complaint, plaintiff also asserts a new cause of action for wrongful confinement. Plaintiff claims that defendants engaged in conduct that lead to plaintiff serving 1 ½ to 3 years in prison for a crime that he did not commit. *See* Am. Compl. at 18-19. "False arrest, false imprisonment, and wrongful confinement are functionally the same cause of action." *Harris v. Summers*, No. 5:14-CV-0013 (LEK/DEP), 2014 WL 1340032, at *5 (N.D.N.Y. Apr. 3, 2014) (citations omitted). "Under New York law, the elements of a false imprisonment claim are (1) the defendant intended to confine the plaintiff, (2) the plaintiff was

11

conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016)).

As noted *supra*, plaintiff has failed to allege facts to plausibly suggest that defendants were personally involved in plaintiff's criminal prosecution. Thus, the Court has no basis to infer from the allegations in the amended complaint that defendants had "any authority to take steps that may result in a change in plaintiff's incarceration status." *See Whitley v. Dill*, No. 9:25-CV-0896 (ECC/PJE), 2025 WL 2306506, at *6–7 (N.D.N.Y. Aug. 11, 2025).

Accordingly, these claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).[6]

### 4. Eighth Amendment

Construing the amended complaint liberally, plaintiff asserts Eighth Amendment claims against defendants for "failure to prevent harm" because defendants "knew that plaintiff was not guilty of possession of the alleged contraband." *See* Am. Compl. at 13-14. As noted in the December 2025 Order,"[i]t is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Dkt. No. 10 at 9. As discussed *supra*, to the extent that the amended complaint asserts a due process claim related to the misbehavior report, those claims are dismissed. Further, the allegations

---

[6] To the extent that the "wrongful confinement" claim could be construed as an Eighth Amendment claim, the amended complaint lacks facts related to the conditions that plaintiff endured or any facts suggesting that those conditions were atypical or a significant hardship. Moreover, there are no facts to allow the Court to infer that defendants were involved in plaintiff's conditions of confinement.

12

regarding Corrigan and Premo do not establish that a misbehavior report was issued in retaliation for plaintiff's exercise of a constitutionally protected right.

Accordingly, these claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 5. Failure to Supervise

With the amended complaint, plaintiff asserts supervisory claims against Goord and Senkowski. *See* Am. Compl. at 9-10. Plaintiff alleges that Goord failed to supervise Corrigan. *Id*. Plaintiff also alleges that Senkowski "should have known of the wrongful conduct" of Corrigan, Premo, and Philli. *Id*.

In the December 2025 Order, the Court dismissed plaintiff's claims against Goord due to plaintiff's failure to allege that the Commissioner directly participated in any alleged constitutional violation or that he was present or otherwise involved in any constitutional violation. Dkt. No. 10 at 12. Despite being afforded an opportunity to amend his complaint, plaintiff has not plead any facts suggesting that Goord was personally involved in any constitutional violation. Accordingly, for the reasons set forth in the December 2025 Order, the claims against Goord are dismissed.

Similarly, with respect to Senkowski, the amended complaint lacks facts which would allow the Court to infer that Senkowski directly participated in any alleged constitutional violation by Corrigan or Premo. Moreover, as discussed *supra*, plaintiff failed to state any cause of action against Corrigan or Primo. Thus, "[a]bsent an underlying constitutional violation, [plaintiff's] failure-to-supervise claims ... necessarily fail." *Lawrence v. Evans*, 136 F.Supp.3d 486, 491 (W.D.N.Y. 2015), *aff'd,* 669 Fed. App'x 27 (2d Cir. 2016).

13

### 6. Municipal Liability

The law related to municipal liability was discussed in the December 2025 Order and will not be restated herein. See Dkt. No. 10 at 13-14. In the December 2025 Order, the Court dismissed the claims against the City of Plattsburgh because plaintiff failed to plausibly allege any constitutional violation. Id. at 14.

As noted, the amended complaint raises claims based on plaintiff's due process rights. The pleading, however, is devoid of allegations which plausibly suggest that any of the individuals who were responsible for this alleged wrongdoing were policymaking officials, or acting pursuant to a "custom" or "policy." See Valdiviezo v. Boyer, 752 Fed. App'x 29, 31 (2d Cir. 2018) ("A 'general and conclusory allegation' of a municipal policy or custom fails to state a facially plausible Monell claim.") (quoting Littlejohn v. City of New York, 795 F.3d 297, 315 (2d Cir. 2015) (noting that to satisfy Monell's policy or custom requirement, a plaintiff must show either that the challenged practice 'was so persistent or widespread as to constitute a custom or usage with the force of law," or that the "practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." (internal quotation marks omitted)); Nielsen v. City of Rochester, 58 F.Supp.3d 268, 277 (W.D.N.Y. 2014) (conclusory allegations which merely recite the elements for stating a Monell claim are insufficient to state a claim for municipal liability) (citing, inter alia, Genovese v. Town of Southhampton, 92 F. Supp. 2d 8, 25 (E.D.N.Y. 2013)); Bradley v. City of New York, No. 08-CV-1106, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) ("In terms of what a complaint must allege to survive a Motion to Dismiss, the Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of

14

allegations of fact tending to support, at least circumstantially, such an inference.' ") (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993)).

Moreover, insofar as the amended complaint fail to state a claim against the City of Plattsburgh because a municipality may not be liable on the basis of respondeat superior. *See Monell*, 436 U.S. at 691.

In light of the foregoing, plaintiff's Section 1983 claims against the City of Plattsburgh are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 7. New York State Constitutional Claim

Plaintiff claims that defendants violated his rights under Article I, § 6 of the New York State Constitution.  Am. Compl. at 13.  "Courts in this Circuit have uniformly held that no private right of action exists for violations of the New York State Constitution where the plaintiff has an alternative remedy under [section] 1983 for violations of parallel provisions of the U.S. Constitution."  *Epps v. City of Buffalo*, No. 19-CV-281, 2026 WL 123577, at *10 (W.D.N.Y. Jan. 16, 2026) (citation omitted); *see also Prince v. Cnty. of Nassau*, 837 F.Supp.2d 71, 108 (E.D.N.Y. 2011), *aff'd*, 563 Fed. App'x 13 (2d Cir. 2014) (dismissing the plaintiff's Article I, § 6 claim because the New York State Constitution "is unavailable where an alternative remedy will adequately protect the interests at stake.").

Plaintiff's claim that he was denied due process under the New York State Constitution is parallel to his due process claims.  Thus, the court declines to exercise supplemental

15

jurisdiction over plaintiff's claims of alleged violations of Section 6 as courts in this Circuit "have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under [§] 1983."  *Walton v. Kalpin*, No. 23-CV-6556, 2024 WL 3470814, at *3 (W.D.N.Y. July 19, 2024) (citing *Talarico v. Port Auth. of N.Y & N. J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (quoting *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013)); *Little v. Soulia,* No. 9:19-CV-0263 (TJM/TWD), 2020 WL 13801983, at *9 (N.D.N.Y. Jan. 13, 2020) (concluding that because certain claims under Section 1983 warranted a response, a duplicative private right of action under the New York State Constitution was not necessary to protect plaintiff's interests).

Accordingly, these claims are dismissed.

IV.     **CONCLUSION**

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 12) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall add the following defendants to the Docket Report:  Senkowski, Premo, and Philli; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Fourteenth Amendment due process claims against Corrigan and Premo, (2) malicious prosecution and wrongful confinement claims; (3) Eighth Amendment claims; (4)

failure to supervise claims; (5) claims against the City of Plattsburgh and the State of New York; and (6) New York State constitutional claims;[7] and it is further

**ORDERED** that the Fourteenth Amendment due process claims against Philli and Senkowski cannot proceed unless and until plaintiff: (1) files the required *Peralta* waiver, as set forth herein; and (2) files an amended complaint demonstrating that the claims are timely, as directed above.  Accordingly, summonses shall not issue until the question of plaintiff's *Peralta* waiver and the timeliness of the due process claims is resolved; and it is further

**ORDERED**, that pursuant to *Peralta*, plaintiff shall advise the Court in writing, within thirty (30) days of the filing date of this Decision and Order, whether he waives for all time all claims in this action relating to disciplinary sanctions affecting the duration of his confinement in order to proceed with claims challenging the sanctions affecting the conditions of his confinement; and it is further

**ORDERED**, that upon plaintiff's filing of the *Peralta* Waiver and/or amended complaint, or upon the expiration of the thirty (30) day period from the date of the filing of the within Decision and Order, the Clerk shall return the file to the Court for review and issuance of an order directing service of process; and it is further

**ORDERED** that the Clerk of the Court terminate the following individuals from the Docket Report: New York State, City of Plattsburgh, Goord, Corrigan, and Premo; and it is further

---

[7] Should plaintiff seek to pursue a claim dismissed without prejudice by the Court herein, he must file an amended complaint.  Any amended complaint, which shall supersede and replace the operative pleading in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.  Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

February 17, 2026  
Syracuse New York

*Brenda K. Sannes*  
Brenda K. Sannes  
Chief U.S. District Judge