UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JEROME MACK,

                                 Plaintiff,                9:25-CV-1425
                                              (BKS/DJS)
      v.

SENKOWSKI and PHILLI,

                                  Defendants.

_____

APPEARANCES:

JEROME MACK
Plaintiff, pro se
15-A-2518
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

## I.     INTRODUCTION

On October 14, 2025, plaintiff Jerome Mack ("plaintiff") filed a pro se complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). In the complaint, plaintiff alleged the following: (1) due process claims; (2) malicious prosecution claims; (3) conspiracy claims; (4) failure to supervise and failure to intervene claims; and (5) claims against City of Plattsburgh related to his confinement at Clinton Correctional Facility ("Clinton C.F."). _Id_. at 5-6. Plaintiff, who was confined at Shawangunk Correctional Facility when he filed the action, also filed a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 5 ("IFP Application").

By Decision and Order filed on December 4, 2025 (the "December 2025 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 10. The Court found that the complaint failed to state any claim. *See id.* In light of plaintiff's pro se status, he was afforded an opportunity to file an amended complaint. *See id*. The Court advised plaintiff that if he filed an amended pleading, he must address the issue of timeliness and demonstrate that the limitations period was tolled or that the claims were otherwise timely. *Id*. at 16

On January 5, 2026, plaintiff filed an amended complaint. Dkt. No. 12 ("Am. Compl."). In a Decision and Order filed on February 17, 2026 (the "February 2026 Order"), the Court found that plaintiff's Fourteenth Amendment due process claims arising from a disciplinary hearing that occurred in 2001 were sufficiently plead. Dkt. No. 13 at 6. However, the Court could not direct service of the amended complaint or require a response from defendants Senkowski and Philli for the following reasons: (1) the claims may be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) the claims may be untimely. *Id*. Thus, the Court directed plaintiff to: (1) file the required *Peralta* waiver; and (2) file an amended complaint demonstrating timeliness. *See id*. at 9.

Currently before the Court is plaintiff's submission in response to the February 2026 Order. Dkt. No. 14.

II.    DISCUSSION

A. *Peralta* Waiver

With the submission, plaintiff provided a statement that reads, in pertinent part: "[I] do agree to waive 'forever any and all claims' related to loss of good time." Dkt. No. 14 at 2.

2

Given plaintiff's pro se status, the Court has liberally construed his statement as "abandoning, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement" that arose out of plaintiff's disciplinary proceeding. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

Based upon the foregoing, all claims set forth in the complaint related to disciplinary sanctions imposed on plaintiff, which affect the duration of his confinement, are dismissed.

### B. Timeliness

"Courts in this District have generally set the accrual date for procedural Due Process claims related to disciplinary hearings either at the date of the disciplinary hearing or at the date the prisoner's final administrative appeal is decided." *Tafari v. Rock*, No. 11-CV-0057, 2012 WL 1424725, at *2 (W.D.N.Y. Apr. 24, 2012) (citations omitted). As discussed in the February 2026 Order, Philli found plaintiff guilty after a disciplinary hearing on May 9, 2001. Am. Compl. at 3, 25. Senkowski affirmed Philli's determination on May 14, 2001. *Id*. at 3, 32.

In lieu of an amended pleading, plaintiff provided a statement related to timeliness. Plaintiff asserts that his due process claims were timely filed because the time of accrual was January 13, 2023, "when plaintiff had reason to believe his conviction was obtained through misrepresentation by the prosecution and state court, to which plaintiff commence[d] a C.P.L. § 440.10 proceeding which was terminated in plaintiff's favor by concession of the prosecution."[1] Dkt. No. 14 at 1. Plaintiff cites to *Singleton v City of New York*, 632 F.2d 185, 189 (2d Cir. 1980) as support for this statement. *See id*. Upon review, the Court finds that *Singleton* does not save plaintiff's due process claims from dismissal. In *Singleton*, the court

---

[1] Plaintiff claims he attached a copy of the § 440.10 decision to his "moving papers." Dkt. No. 14 at 1. However, no decision was provided in the submission before the Court.

discussed the issue of timeliness in relation to malicious prosecution, false arrest, and assault claims. *See id.* Those claims are not at issue in the action at hand.

In support of his argument, plaintiff also referred to a January 3, 2023 decision resolving a § 440.10 motion and noted that a copy was attached to his "moving papers." Dkt. No. 14 at 1. While no decision was provided in the March 2026 submission, the Court notes that plaintiff previously provided a copy of a Clinton County Court decision dated July 3, 2023 that denied a motion to vacate filed by plaintiff on January 13, 2023. *See* Am. Compl. at 35-36. Assuming plaintiff relies upon this Order, it does not save plaintiff's due process claims from dismissal.

On January 13, 2023, plaintiff filed a motion to vacate a conviction and sentence imposed on November 6, 2002 for the charge of Attempted Promoting Prison Contraband in the First Degree. *See* Am. Compl. at 35-36. The County Court noted that the District Attorney's Office filed an affirmation "conceding that the defendant's conviction should be vacated and his Indictment dismissed [ . . . ] and asserting that there appears to be no aggravating circumstances in this case regarding the possession by the Defendant Jerome Mack of 9.4 grams of marihuana while the Defendant was incarcerated at Clinton Correctional Facility on or about May 5, 2001." *See id.* (internal quotation marks omitted). Therefore, the County Court vacated the sentence and dismissed the charges. *See id*.

"Plaintiff's belief that the action accrued upon receiving favorable state court determinations, or in the alternative that the limitations period was tolled during his pursuit of a state remedy are both inaccurate." *Harvey v. Melville*, No. 18 CV 7043, 2020 WL 5123410, at *4 (S.D.N.Y. Aug. 31, 2020) ("The Second Circuit has consistently rejected the notion that

4

the statute of limitations on Section 1983 claims is tolled until such time as related state court proceedings have concluded.") (citations omitted).

Here, plaintiff's due process claims "accrued on the date of his disciplinary hearing and was tolled as he pursued administrative remedies or it accrued when his administrative appeal was denied." Thus, for plaintiff's due process claims to be timely, he was required to file his complaint no later than May 14, 2004, in order for it to be deemed timely. *See Harvey*, 2020 WL 5123410, at *3.

In light of plaintiff's pro se status, the Court will afford him one **FINAL** opportunity to address timeliness and provide the aforementioned exhibit or any other evidence supporting his argument that his due process claims against Philli and Senkowski related to a disciplinary hearing that occurred in 2001 are timely.

## III.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that all claims set forth in the amended complaint related to disciplinary sanctions imposed on plaintiff, which affect the duration of his confinement, are dismissed; and it is further

**ORDERED** that plaintiff shall file an amended complaint, or submission, demonstrating that his due process claims are timely; and it is further

**ORDERED** that upon plaintiff's filing of an amended complaint or submission, or upon the expiration of the thirty (30) day period from the date of the filing of the within Decision and Order, the Clerk shall return the file to the Court for review and issuance of an order directing

service of process; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: <u>May 12, 2026</u>

Brenda K. Sannes
Chief U.S. District Judge