UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME MACK,

Plaintiff,

9:25-CV-1425
(BKS/DJS)

v.

SENKOWSKI and PHILLI,

Defendants.

---

APPEARANCES:

JEROME MACK
Plaintiff, pro se
15-A-2518
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

On October 14, 2025, plaintiff Jerome Mack ("plaintiff") filed a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). In the complaint, plaintiff asserted claims related to his confinement at Clinton Correctional Facility ("Clinton C.F.") in 2001. *Id*. at 5-6. Plaintiff, who was confined at Shawangunk Correctional Facility when he filed the action, also filed a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 5 ("IFP Application").

By Decision and Order entered on December 4, 2025 (the "December 2025 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 10. The Court found that the complaint failed to state any claim. *See id.* In light of plaintiff's pro se status, he was afforded an opportunity to file an amended complaint. *See id*. The Court advised plaintiff that if he filed an amended pleading, he must address the issue of timeliness and demonstrate that the statute of limitations period was tolled or that the claims were otherwise timely. *Id*. at 16

On January 5, 2026, plaintiff filed an amended complaint. Dkt. No. 12 ("Am. Compl."). In a Decision and Order entered on February 17, 2026 (the "February 2026 Order"), the Court found that plaintiff's Fourteenth Amendment due process claims arising from a disciplinary hearing that occurred in 2001 were sufficiently plead, and dismissed all remaining claims. Dkt. No. 13 at 6. However, the Court could not direct service of the amended complaint or require a response from defendants Commissioners Hearing Officer Philli ("Philli") or Superintendent Daniel Senkowski ("Senkowski") for the following reasons: (1) the claims may be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) the claims may be untimely. *Id*. Thus, the Court directed plaintiff to: (1) file the required *Peralta* waiver; and (2) file an amended complaint demonstrating timeliness. *See id*. at 9.

On March 27, 2026, plaintiff filed a response to the February 2026 Order, with a *Peralta* waiver. *See* Dkt. No. 14. In a Decision and Order entered on June 8, 2026 (the "June 2026 Order"), the Court accepted plaintiff's *Peralta* waiver and dismissed all claims related to disciplinary sanctions imposed on plaintiff which impacted the duration of his confinement. Dkt. No. 15 at 5. However, the Court could not direct service of the amended complaint as plaintiff did not adequately address the statute of limitations. The Court noted

that plaintiff only addressed the matter as it related to claims that were not "at issue in the action at hand." *Id.* at 4. The Court held:

> "Plaintiff's belief that the action accrued upon receiving favorable state court determinations, or in the alternative that the limitations period was tolled during his pursuit of a state remedy are both inaccurate." *Harvey v. Melville*, No. 18 CV 7043, 2020 WL 5123410, at *4 (S.D.N.Y. Aug. 31, 2020) ("The Second Circuit has consistently rejected the notion that the statute of limitations on Section 1983 claims is tolled until such time as related state court proceedings have concluded.") (citations omitted).
>
> Here, plaintiff's due process claims "accrued on the date of his disciplinary hearing and was tolled as he pursued administrative remedies or it accrued when his administrative appeal was denied." Thus, for plaintiff's due process claims to be timely, he was required to file his complaint no later than May 14, 2004, in order for it to be deemed timely. *See Harvey*, 2020 WL 5123410, at *3.

Dkt. No. 15 at 4-5. In light of plaintiff's pro se status, the Court afforded plaintiff another opportunity to address the issue of timeliness. *Id*. at 5.

Plaintiff's response to the June 2026 Order is now before the Court. Dkt. No. 16.

## II. DISCUSSION

Construing plaintiff's submission liberally, he argues that the statute of limitations was tolled based upon the doctrine of fraudulent concealment. *See generally*, Dkt. No. 16.

"The statute of limitations may be equitably tolled, [ . . . ] when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired." *Corines v. Westchester Cnty. Dep't of Corr.*, No. 22-CV-5179, 2022 WL 4341999, at *4 (S.D.N.Y. Sept. 19, 2022) (citation omitted). "[A] statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment

prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012). "To benefit from this doctrine of equitable tolling based on fraudulent concealment, the 'plaintiff must submit non-conclusory evidence of conspiracy or other fraudulent wrong which precludes his possible discovery of harms that he suffered.' " *Wright v. Rensselaer Cnty. Jail*, No. 9:17-CV-0622 (TJM/DJS), 2017 WL 11464300, at *6 (N.D.N.Y. Sept. 26, 2017) (citation omitted); *see also Tuff v. Liddy*, No. 09 CV 0183 (DNH/DEP), 2009 WL 1449043, at *2 (N.D.N.Y. May 21, 2009). However, "generalized allegations are insufficient to warrant equitable tolling[.]" *Rochester v. #6 Pct. Police Station*, No. 03-CV-0856, 2008 WL 11410078, at *4 (E.D.N.Y. Feb. 28, 2008), *aff'd in part, appeal dismissed in part sub nom. Rochester v. Sixth Precinct Police Station,* 370 Fed. App'x 244 (2d Cir. 2010).

Here, plaintiff argues that he "could not reasonably [h]ave known in 2001 that the disciplinary determination and resulting criminal prosecution were procured through material misrepresentation [. . .] until [. . .] the conviction [was] vacated and the indictment dismissed." Dkt. No. 16 at 2. Plaintiff claims that the "2023 concession" by the Clinton County District Attorney constituted the "first official acknowledgment by the State that the factual predicate underlying the disciplinary and criminal proceedings was fundamentally defective[]" and argues, "the State concealed the defective basis of the disciplinary determination" and the "2023 prosecutorial concession reveled [sic] new operative facts essential to the claim." *Id.* at 2-3.

Upon review, the Court finds that plaintiff's claims do not warrant the application of equitable tolling principles. First, the Court notes that plaintiff's due process claims related to

his criminal indictment were dismissed and are not presently at issue herein. *See* Dkt. No. 13 at 4. Second, plaintiff's submission does not satisfy any of the requirements necessary to invoke equitable tolling. To wit, plaintiff does not suggest that any defendant fraudulently concealed from plaintiff that he had a due process cause of action related to his disciplinary hearing. *See Pryor v. Doe*, No. 22-CV-162, 2022 WL 1488428, at *2 (S.D.N.Y. May 11, 2022). Moreover, while plaintiff claims that the "disciplinary determination was premised upon materially misleading representations" and "may have been constitutionally infirm [sic] from inception," plaintiff's submission lacks any information regarding what the "material misleading representations" were or any facts supporting this conclusory allegation. *See Venticinque v. Brown*, No. 09-CV-2861, 2010 WL 3824122, at *2 (E.D.N.Y. Sept. 23, 2010) (noting that "vague references" to "concealed material facts," without actual facts, does not support equitable tolling of the statute of limitations).

Finally, plaintiff claims he was deprived of information that would have been useful in his pursuit of a due process claim, but he does not argue that "he was prevented from filing a lawsuit and exercising his rights" nor does he explain how he exercised diligence during the more than two decades that have lapsed since his disciplinary determination was affirmed. *See Rene v. Jablonski*, No. 08-CV-3968, 2009 WL 2524865, at *7 (E.D.N.Y. Aug. 17, 2009) (rejecting tolling argument based upon the allegation that the plaintiff was deprived of information that he believes would have made his lawsuit successful). Plaintiff was aware of Senkowski's decision affirming Philli's disciplinary determination in May 2001. *See* Dkt. No. 15 at 3. Thus, in order for his due process claims to be timely, he was required to file his complaint on or before May 2004. *Id.* at 5. However, plaintiff did not file the within action

until October 2025.[1] *See* Dkt. No. 1-1 at 1. Thus, the Court has no basis to find that plaintiff acted with reasonable diligence in pursuing his due process claim. *See Dimicco v. CitiMortgage, Inc.,* No. 20-CV-755, 2020 WL 804949, at *4 (E.D.N.Y. Feb. 18, 2020) ("Plaintiff's vague and conclusory allegations of [d]efendants' alleged misconduct, in conjunction with her failure to show that she exercised reasonable diligence in pursuing her claims during the period she seeks to toll, fail to provide a plausible basis for equitable tolling.").

Plaintiff was provided with multiple opportunities to provide a basis for equitable tolling or explain why the statute of limitations did not preclude his due process claims. The Court construed all submissions liberally, thoroughly reviewed exhibits and court filings, and conducted independent research in an attempt to discover any explanation or reason for the twenty year gap between the alleged constitutional violations and the filing of this action. The Court cannot discern any possible basis. Thus, for the reasons set forth in the Court's prior Decisions and Orders and for the reasons stated herein, plaintiff's due process claims are dismissed.

## III. CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 12) is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

[1] Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). "That date of delivery is presumed to be the date that the inmate signs his or her complaint." *Griffith v. Troy*, No. 9:19-CV-00354 (MAD/ML), 2021 WL 4437584, at *4 (N.D.N.Y. Sept. 28, 2021) (citations omitted). "If the complaint is not signed, the date of the postmark is the date the [pleading] is presumed filed." *Id.* (internal quotation marks and citations omitted).

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: October 19, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge